FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

SEP 2 6 2016

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION and STATE OF GEORGIA, <br><br>       Plaintiffs, <br><br>       v. <br><br> LAPTOP & DESKTOP REPAIR, LLC, a Nevada limited liability company, also d/b/a cashforiphones.com, cashforlaptops.com, ecyclebest.com, smartphonetraders.com, sell-your-cell.com; and VADIM OLEGOVICH KRUCHININ, also a/k/a Vadim Kruchin, David Kruchin, David Vadim Kruchin, Dave Kruch, as the owner and an officer of Defendant Laptop & Desktop Repair, LLC, <br><br>       Defendants. | Case No. <br><br> **1:16-CV-3591** <br><br> FILED UNDER SEAL |

**[PROPOSED]
*EX PARTE* TEMPORARY RESTRAINING ORDER WITH AN ASSET
FREEZE AND OTHER EQUITABLE RELIEF, AND ORDER TO SHOW
CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

Plaintiffs, the Federal Trade Commission ("FTC") and the State of Georgia,

together have filed a complaint seeking a permanent injunction and other equitable

1

relief. The FTC seeks such relief pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and the State of Georgia seeks such relief pursuant to the Georgia Fair Business Practices Act (the "FBPA"), O.C.G.A. §§ 10-1-390–408. Plaintiffs have also filed, pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, an Ex Parte *Motion for a Temporary Restraining Order with an Asset Freeze and Other Equitable Relief and Order to Show Cause Why A Preliminary Injunction Should Not Issue* ("*Ex Parte* TRO Motion")

## I.    FINDINGS OF FACT

This Court, having considered the complaint, *Ex Parte* TRO Motion, and all attached declarations, exhibits, and the memorandum of law filed in support, finds that:

A.    This Court has jurisdiction over the subject matter of this case, and there is good cause to believe it will have jurisdiction over the parties;

B.    This Court is a proper venue for this case;

C.    There is good cause to believe that defendants, Laptop & Desktop Repair, LLC ("LDR") and Vadim O. Kruchinin ("Kruchinin") (collectively "Defendants"), have engaged and are likely to continue to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the

2

FBPA, O.C.G.A. § 10-1-393(a), and that Plaintiffs are therefore likely to prevail on the merits of this action;

D.     There is good cause to believe that consumers will suffer immediate and continuing harm from Defendants' ongoing violations of Section 5(a) of the FTC Act and the FPBA unless Defendants are restrained and enjoined by Order of this Court;

E.     There is good cause to believe that Defendants, if informed of the *Ex Parte* TRO Motion, would hide assets and destroy evidence, thus immediately and irreparably damaging the Court's ability to grant complete relief, including possible monetary restitution to consumers. There is thus good cause to believe that this Order should be entered without prior notice to Defendants;

F.     Good cause exists for appointing a receiver over the corporate defendant, LDR, and permitting the Plaintiffs immediate access to LDR's business premises;

G.     Weighing the equities and considering the Plaintiffs' likelihood of ultimate success, a temporary restraining order with an asset freeze, appointment of a receiver, immediate access to the business premises, and other equitable relief is

3

in the public interest, and no private interest of Defendants outweighs the public interest;

      H.     No security is required of any agency of the United States for the issuance of a temporary restraining order, Fed. R. Civ. P. 65(c), and;

      I.     For the reasons stated in Plaintiff State of Georgia's *Ex Parte* Motion for Waiver of Security Requirement, the State of Georgia is not required as a co-plaintiff with the FTC to give security before a temporary restraining order may issue.

## II.    DEFINITIONS

      A.     "**Assets**" means any legal or equitable interest in, right to, or claim to any real or personal property, including, without limitation, chattels, goods, instruments, equipment, fixtures, general intangibles, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, contracts, receivables, shares of stock, and all cash, wherever located.

      B.     "**Defendants**" means the individual defendant, Vadim O. Kruchinin, and the corporate defendant, LDR, individually or collectively, and each of them by whatever names each might be known. Kruchinin's other names include, but are not necessarily limited to, the following aliases: Vadim Kruchin, David Kruchin,

David Vadim Kruchin, and Dave Kruch. LDR's other names include, but are not necessarily limited to, the following d/b/a's: ecyclebest.com, smartphonetraders.com, cellphonecity.com, laptopaid.com, laptopheaven.com, laptopsintocash.com, laptopzyx.com, pei-jian.com, ecyclewireless.com, iphonepartspro.com, ecyclepawnbrokers.com, sell-your-cell.com, cashforiphones.com, cashforapples.com, cashforberrys.com, cashforprinters.com, cashforipads.com, cashforlaptops.com, the Gadget Buying Company, and LDR LLC.

     C.    **"Document"** is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which the information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

     D.    **"Financial Institution"** means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any automated clearing house processor, bank debit processing agent, brokerage

house, broker-dealer, commercial mail receiving agency, commodity trading company, credit card payment processor or agent, customer service agent, escrow agent, mail holding or forwarding company, merchant service provider, money market or mutual fund, network transaction processor, precious metal dealer, retirement fund custodian, storage company, trustee, or title company.

      E.    **"Person"** means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

      F.    **"Receivership Defendant"** means LDR, by whatever names it might be known, as well as any other business related to LDR's business that the Receiver has reason to believe is controlled in whole or in part by any Defendant.

      G.    **"Receiver"** means the individual appointed as receiver in Section X (Appointment of Receiver) of this Order, and agents (including representatives, attorneys, investigators, paralegals, or contractors) acting under the direction and control of that individual.

### III.   PROHIBITED MISREPRESENTATIONS AND PRACTICES

**IT IS THEREFORE ORDERED** that Defendants and their officers, agents, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are restrained and enjoined from misrepresenting, expressly or by implication:

A.     The amount that Defendants will pay for used electronic devices, and;

B.     That, when Persons provide used electronic devices to Defendants in order to sell them to the Defendants, Defendants will return such devices on request to such Persons.

Defendants also shall avoid any future violations of the FTC Act and the FBPA.

### IV.   ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants are hereby restrained and enjoined from directly or indirectly:

A.     Alienating, transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning,

7

spending, withdrawing, granting a lien or security interest or other interest in, or

otherwise disposing of any funds, real or personal property, accounts, contracts,

consumer lists, or any other assets, or any interest therein, wherever located,

including outside the United States, that are: (1) owned or controlled, directly or

indirectly, by any Defendant, in whole or in part, or held, in whole or in part for

the benefit of any Defendant; (2) in the actual or constructive possession of any

Defendant; or (3) owned, controlled by, or in the actual or constructive possession

of any corporation, partnership, or other entity directly or indirectly owned,

managed, or controlled by, or under common control with any Defendant, and any

assets held by, for, or under the name of any Defendant at any bank, savings and

loan institution, or bank of any Defendant, or with any broker-dealer, escrow

agent, title company, commodity trading company, precious metal dealer, or other

financial institution or depository of any kind;

      B.    Opening or causing to be opened any safe deposit boxes titled in the

name of any Defendant, or subject to access by any Defendant;

      C.    Incurring charges or cash advances on any credit card, debit card, or

checking card issued in the name, singly or jointly, of any Defendant;

      D.    Obtaining a personal or secured loan;

E.     Incurring liens or encumbrances on real property, personal property or other assets in the name, singly or jointly, of any Defendant, and;

F.     The assets affected by this Section shall include: (a) all assets of each Defendant as of the time this Order is entered, and (b) those assets obtained after entry of this Order that are obtained through any business activities that predate the entry of this Order. This Section does not prohibit transfers to the Receiver, as specifically required in Section XIV (Delivery of Receivership Property), nor does it prohibit the repatriation of foreign Assets, as specifically required in Section VIII (Repatriation of Foreign Assets) of this Order.

## V.     RETENTION OF ASSETS AND RECORDS BY FINANCIAL INSTITUTIONS AND OTHER THIRD PARTIES

**IT IS FURTHER ORDERED** that any financial or brokerage institution or depository, escrow agent, title company, commodity trading company, trust, entity, or person that holds, controls, or maintains custody of any account or asset owned or controlled, directly or indirectly, by any Defendant, or has held, controlled, or maintained any account or asset of, or on behalf of, any Defendant, upon service with a copy of this Order, shall:

A.     Hold and retain within its control and prohibit Defendants from withdrawing,   removing,   assigning,   transferring,   pledging,   encumbering,

9

disbursing, dissipating, converting, selling, gifting, or otherwise disposing of any accounts, assets, funds, or other property that are owned by, held in the name of, for the benefit of, or otherwise controlled by, directly or indirectly, any Defendant, in whole or in part, except as directed by further order of the Court or as directed in writing by the Receiver regarding accounts, documents, or assets owned by, held in the name of, for the benefit of, or otherwise controlled by, any Receivership Defendant;

B.      Deny the Defendants access to any safe deposit box titled in the name of any Defendant, individually or jointly, or subject to access by any Defendant, whether directly or indirectly.

C.      Provide counsel for Plaintiffs and the Receiver, within three (3) business days after being served with a copy of this Order, a certified statement setting forth:

1.      the identification number of each such account or asset titled (a) in the name, individually or jointly, of any Defendant; (b) held on behalf of, or for the benefit of, any Defendant; (c) owned or controlled by any Defendant; or (d) otherwise subject to access by any Defendant, directly or indirectly;

10

2.    the balance of each such account or a description of the nature and value of such asset as of the close of business on the day on which this Order is served and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted;

3.    the identification of any safe deposit box that is either titled in the name of any Defendant or is otherwise subject to access by any Defendant, and;

4.    if a safe deposit box has been closed or removed, the date closed or removed and the manner in which such was closed or removed.

D.    Provide counsel for Plaintiffs and the Receiver, within three (3) business days after being served with a request, copies of all documents pertaining to such account or asset, including but not limited to originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; provided that such institution or custodian may charge a reasonable fee.

11

## VI.   FINANCIAL REPORTS AND ACCOUNTING

**IT IS FURTHER ORDERED** that each Defendant, within three (3) business days of service of this Order, shall prepare and deliver to counsel for the Plaintiffs:

A.     For Defendant Vadim O. Kruchinin, a completed financial statement accurate as of the date of service of this Order upon him (unless otherwise agreed upon with Plaintiffs' counsel) on the form of **Attachment A** to this Order captioned, "Form Re: Financial Statement for Individual Defendant."

B.     For corporate Defendant LDR, a completed financial statement accurate as of the date of service of this Order upon such Defendant (unless otherwise agreed upon with the Plaintiffs' counsel) in the form of **Attachment B** to this Order captioned, "Form Re: Financial Statement for Business Entity Defendant."

## VII.  CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that Plaintiffs may obtain credit reports concerning any Defendants pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), and that, upon written request, any credit

reporting agency from which such reports are requested shall provide them to Plaintiff.

## VIII. REPATRIATION OF FOREIGN ASSETS

**IT IS FURTHER ORDERED** that, within five (5) business days following the service of this Order, each Defendant shall:

A.    Provide counsel for the Plaintiffs with a full accounting of all assets, accounts, funds, and documents outside of the territory of the United States that are held either: (1) by them; (2) for their benefit; (3) in trust by or for them, individually or jointly; or (4) under their direct or indirect control, individually or jointly;

B.    Transfer to the territory of the United States all assets, accounts, funds, and documents in foreign countries held either: (1) by them; (2) for their benefit; (3) in trust by or for them, individually or jointly; or (4) under their direct or indirect control, individually or jointly;

C.    Hold and retain all repatriated assets, accounts, funds, and documents, and prevent any transfer, disposition, or dissipation whatsoever of any such assets, accounts, funds, or documents, and;

13

D.     Provide the Plaintiffs access to all records of accounts or assets of the Defendants held by financial institutions located outside the territorial United States by signing the Consent to Release of Financial Records attached to this Order as **Attachment C**.

## IX.   NON-INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants, and each of their members, officers, agents, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, are hereby restrained and enjoined from taking any action, directly or indirectly, that may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by Section VIII (Repatriation of Assets) of this Order, including but not limited to:

A.     Sending any statement, letter, fax, e-mail or wire transmission, telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement, until such time that all assets have been fully repatriated pursuant to Section VIII of this Order, and;

14

B.      Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a Court Order, until such time that all assets have been fully repatriated pursuant to Section VIII.

## X.      APPOINTMENT OF RECEIVER

**IT IS FURTHER ORDERED** that _____ is appointed Receiver for the business activities of the Receivership Defendant with the full power of an equity receiver. The Receiver shall be the agent of this Court and solely the agent of this Court in acting as Receiver under this Order. The Receiver shall be accountable directly to this Court. The Receiver shall comply with any laws and Local Rules of this Court governing receivers.

## XI.      DUTIES OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following:

A.      Assume full control of the Receivership Defendant by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, or agent of any of the Receivership Defendant, including any

15

Defendant, from control of, management of, or participation in, the affairs of the Receivership Defendant;

B.     Take exclusive custody, control, and possession of all assets, documents, and electronically stored information of, or in the possession, custody, or under the control of, the Receivership Defendant, wherever situated. The Receiver shall have full power to divert mail and to sue for, collect, receive, take possession of, hold, and manage all assets and documents of the Receivership Defendant and other persons or entities whose interests are now held by or under the direction, possession, custody, or control of the Receivership Defendant. *Provided, however,* that the Receiver shall not attempt to take any Device from a Consumer if the Receiver believes the Consumer was a victim of the unlawful conduct alleged in the complaint in this matter, but instead shall return the Device to the Consumer;

C.     Take all steps necessary to secure the business premises of the Receivership Defendant. Such steps may include, but are not limited to, the following, as the Receiver deems necessary or advisable:

1.     Serving and filing this Order;

2.     Completing a written inventory of all Receivership assets;

16

3.    Obtaining pertinent information from all employees and other agents of the Receivership Defendant, including, but not limited to, the name, home address, social security number, job description, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent, and all computer hardware and software passwords;

4.    Photographing or videotaping all portions of the location;

5.    Securing the location by changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at that location;

6.    Requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Receiver with proof of identification, or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises documents or assets of the Receivership Defendant, and;

7.    Requiring all employees, independent contractors, and consultants of the Receivership Defendant to complete a questionnaire submitted by the Receiver;

8.    Conserve, hold, and manage all Receivership assets, and perform all acts necessary or advisable to preserve the value of those assets, in order to prevent

17

any irreparable loss, damage, or injury to Consumers or to creditors of the Receivership Defendant, including, but not limited to, obtaining an accounting of the assets and preventing transfer, withdrawal, or misapplication of assets;

9.      Liquidate any and all securities or commodities owned by or for the benefit of the Receivership Defendant that the Receiver deems to be advisable or necessary;

10.      Enter into contracts and purchase insurance as the Receiver deems to be advisable or necessary;

11.      Prevent the inequitable distribution of assets and determine, adjust, and protect the interests of Consumers and creditors who have transacted business with the Receivership Defendant;

12.      Manage and administer the lawful portion of the business of the Receivership Defendant, if any, until further order of this Court by performing all incidental acts that the Receiver deems to be advisable or necessary, which includes retaining, hiring, or dismissing any employees, independent contractors, or agents;

13.      Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists as the Receiver deems

18

advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

14.     Make payments and disbursements from the Receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Defendant prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure assets of the Receivership Defendant, such as rental payments;

15.     Determine and implement the manner in which the Receivership Defendant will comply with, and prevent violations of, this Order and all other applicable laws, including, but not limited to, revising marketing information (including information on the Receiver Defendant's websites), and implementing monitoring procedures;

16.     Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal, or foreign courts that the Receiver deems necessary and advisable to preserve or recover the assets of the

19

Receivership Defendant, or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

17.     Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Receiver in his role as Receiver, or against the Receivership Defendant, that the Receiver deems necessary and advisable to preserve the assets of the Receivership Defendant or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

18.     Continue and conduct the business of the Receivership Defendant in such manner, to such extent, and for such duration as the Receiver may in good faith deem to be necessary or appropriate to operate the business profitably and lawfully, if at all; *provided, however,* that the continuation and conduct of the business shall be conditioned upon the Receiver's good faith determination that the businesses can be lawfully operated at a profit using the assets of the receivership estate;

19.     Take depositions and issue subpoenas to obtain documents and records pertaining to the receivership estate and compliance with this Order.

20

Subpoenas may be served by agents or attorneys of the Receiver and by agents of any process server retained by the Receiver;

20.     Open one or more bank accounts in the Northern District of Georgia as designated depositories for funds of the Receivership Defendant. The Receiver shall deposit all funds of the Receivership Defendant in such a designated account and shall make all payments and disbursements from the receivership estate from such account(s);

21.     Maintain accurate records of all receipts and expenditures that the Receiver makes as Receiver;

22.     Cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency, and;

23.     Be responsible for maintaining the chain of custody of all of Defendants' records in his possession, pursuant to procedures to be established in writing with the approval of the Plaintiffs.

## XII.   RECEIVER'S AND PLAINTIFFS' IMMEDIATE ACCESS TO BUSINESS PREMISES AND RECORDS

**IT IS FURTHER ORDERED** that:

A.     Defendants and their officers, directors, agents, employees, attorneys, and all other persons or entities directly or indirectly, in whole or in part, under

their control, and all other persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other entity, shall:

    1.    Immediately identify to Plaintiffs' counsel and the Receiver:

        a.    All of Defendants' business premises;

        b.    Any non-residence premises where any Defendant conducts business or customer service operations;

        c.    Any non-residence premises where documents or electronically stored information related to the business or customer service operations of any Defendant are hosted, stored, or otherwise maintained, including but not limited to the name and location of any electronic data hosts, and;

        d.    Any non-residence premises where assets belonging to any Defendant are stored or maintained;

    2.    Allow the Plaintiffs and the Receiver, and their respective representatives, agents, attorneys, investigators, paralegals, contractors, or assistants immediate access to:

22

        a.      All of the Defendants' business premises, including but not limited to, those located at 84 Coney Island Drive, Sparks, NV 89431 and such other business locations that are wholly or partially owned, rented, leased, or under the temporary or permanent control of any Defendant, and;

        b.      Any documents located at any of the locations described in this Section XII.

3.    Provide the Plaintiffs and the Receiver, and their respective representatives, agents, attorneys, investigators, paralegals, contractors, or assistants with any necessary means of access to, copying of, and forensic imaging of documents or electronically stored information, including, without limitation, the locations of Receivership Defendant' business premises, keys and combinations to business premises locks, computer and telephone, including mobile telephone access codes of all computers used to conduct Receivership Defendant's business, access to (including but not limited to execution of any documents necessary for access to and forensic imaging of) any data stored, hosted, or otherwise maintained by an electronic data host, and storage area access information.

B.     The Plaintiffs and the Receiver are authorized to employ the assistance of law enforcement officers, including, but not limited to, the United States Postal Inspection Service, Internal Revenue Service, the Federal Bureau of Investigation, the Georgia Bureau of Investigation, and the Sparks County (Nevada) Police Department to effect service, to implement peacefully the provisions of this Order, and to keep the peace. The Receiver shall allow the Plaintiffs and their respective representatives, agents, contractors, or assistants into the premises and facilities described in this Section to inspect, inventory, image, and copy documents or electronically stored information relevant to any matter contained in this Order. Counsel for the Plaintiffs and the Receiver may exclude Defendants and their agents and employees from the business premises and facilities during the immediate access. No one shall interfere with the Plaintiffs' or Receiver's inspection of the Defendants' premises or documents.

C.     The Receiver and the Plaintiffs shall have the right to remove any documents related to Defendants' business practices from the premises in order that they may be inspected, inventoried, and copied. The materials so removed shall be returned within five (5) business days of completing said inventory and copying. If any property, records, documents, or computer files relating to the

24

Receivership Defendant' finances or business practices are located in the residence of Kruchinin or are otherwise in the custody or control of Kruchinin, then he shall produce them to the Receiver within twenty-four (24) hours of service of this Order. In order to prevent the destruction of computer data, upon service of this Order upon Defendants, any such computers shall be powered down (turned off) in the normal course for the operating systems used on such computers and shall not be powered up or used again until produced for copying and inspection, along with any codes needed for access. The Plaintiffs' and the Receiver's representatives may also photograph or videotape the inside and outside of all premises to which they are permitted access by this Order, and all documents and other items found on such premises.

D. The Plaintiffs' access to the Defendants' documents pursuant to this provision shall not provide grounds for any Defendant to object to any subsequent request for documents served by either Plaintiff.

E. The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access.

## XIII. COOPERATION WITH RECEIVER

**IT IS FURTHER ORDERED** that:

25

A.     Defendants   and   their   officers,   agents,   directors,   employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, all other persons or entities in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, shall fully cooperate with and assist the Receiver. Defendants' cooperation and assistance shall include, but not be limited to:

1.     Providing any information to the Receiver that the Receiver deems necessary to exercising the authority and discharging the responsibilities of the Receiver under this Order, including but not limited to allowing the Receiver to inspect documents and assets and to partition office space;

2.     Providing any password and executing any documents required to access any computer or electronic files in any medium, including but not limited to electronically stored information stored, hosted, or otherwise maintained by an electronic data host, and;

3.     Advising all persons who owe money to the Receivership Defendant that all debts should be paid directly to the Receiver.

26

B.     Defendants and their officers, directors, agents, employees, attorneys, and all other persons or entities directly or indirectly, in whole or in part, under their control, and all other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from directly or indirectly:

1.     Transacting any of the business of the Receivership Defendant;

2.     Destroying, secreting, erasing, mutilating, defacing, concealing, altering, transferring or otherwise disposing of, in any manner, directly or indirectly, any documents, electronically stored information, or equipment of the Receivership Defendant, including but not limited to contracts, agreements, consumer files, consumer lists, consumer addresses and telephone numbers, correspondence, advertisements, brochures, sales material, sales presentations, documents evidencing or referring to Defendants' services, training materials, customer scripts, data, computer tapes, disks, or other computerized records, books, written or printed records, handwritten notes, telephone logs, "verification" or "compliance" tapes or other audio or video tape recordings, receipt books, invoices, postal receipts, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state or local

27

business or personal income or property tax returns, photographs, mobile devices, electronic storage media, accessories, and any other documents, records, or equipment of any kind that relate to the business practices or business or personal finances of the Receivership Defendant or any other entity directly or indirectly under the control of the Receivership Defendant;

3.    Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendant, or the Receiver;

4.    Excusing debts owed to the Receivership Defendant;

5.    Failing to notify the Receiver of any asset, including accounts, of a Receivership Defendant held in any name other than the name of the Receivership Defendant, or by any person or entity other than the Receivership Defendant, or failing to provide any assistance or information requested by the Receiver in connection with obtaining possession, custody, or control of such assets;

6.    Failing to create and maintain books, records, and accounts which, in reasonable detail, accurately, fairly, and completely reflect the incomes, assets, disbursements, transactions, and use of monies by the Defendants or any other

28

entity directly or indirectly under the control of the Defendants;

7.     Doing any act or refraining from any act whatsoever to interfere with the Receiver's taking custody, control, possession, or managing of the assets or documents subject to this Receivership; or to harass or to interfere with the Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendant; or to refuse to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any Order of this Court, and;

8.     Filing, or causing to be filed, any petition on behalf of the Receivership Defendant for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 et seq., without prior permission from this Court.

## XIV. DELIVERY OF RECEIVERSHIP PROPERTY

**IT IS FURTHER ORDERED** that:

A.     Immediately upon service of this Order upon them or upon their otherwise obtaining actual knowledge of this Order, or within a period permitted by the Receiver, Defendants or any other person or entity, including but not limited to financial institutions and electronic data hosts, shall transfer or deliver access to, possession, custody, and control of the following to the Receiver:

29

1.      All assets of the Receivership Defendant;

2.      All documents and electronically stored information of the Receivership Defendant, including, but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, records of ACH transactions, and check registers), client or customer lists, title documents and other papers;

3.      All assets belonging to members of the public now held by the Receivership Defendant;

4.      All keys, computer, telephone, including mobile phone, and other passwords, entry codes, combinations to locks required to open or gain or secure access to any assets or documents of the Receivership Defendant, wherever located, including, but not limited to, access to their business premises, means of communication, accounts, computer systems, or other property, and;

5.      Information identifying the accounts, employees, properties, or other assets or obligations of the Receivership Defendant.

B.      In the event any person or entity fails to deliver or transfer immediately any asset or otherwise fails to comply with any provision of this

Section XIV, the Receiver may file *ex parte* with the Court an Affidavit of Non-Compliance regarding the failure. Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Receiver. The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county (pursuant to Fed. R. Civ. P. 4(c)(1)) to seize the asset, document, or other thing and to deliver it to the Receiver.

## XV.   COMPENSATION FOR RECEIVER

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order, and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by or in the possession or control of, or which may be received by, the Receivership Defendant. The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of this Order. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

31

## XVI. RECEIVER'S REPORTS

**IT IS FURTHER ORDERED** that the Receiver shall report to this Court on or before the date set for the hearing to Show Cause regarding the Preliminary Injunction, regarding: (1) the steps taken by the Receiver to implement the terms of this Order; (2) the value of all liquidated and unliquidated assets of the Receivership Defendant; (3) the sum of all liabilities of the Receivership Defendant; (4) the steps the Receiver intends to take in the future to: (a) prevent any diminution in the value of assets of the Receivership Defendant, (b) pursue receivership assets from third parties, and (c) adjust the liabilities of the Receivership Defendant, if appropriate; (5) whether the business of the Receivership Defendant can be operated lawfully and profitably; and (6) any other matters which the Receiver believes should be brought to the Court's attention. *Provided, however,* if any of the required information would hinder the Receiver's ability to pursue receivership assets, the portions of the Receiver's report containing such information may be filed under seal and not served on the parties.

## XVII.   RECEIVER'S BOND

**IT IS FURTHER ORDERED** that the Receiver shall file with the Clerk of this Court a bond in the sum of $_____ with sureties to be approved by the

32

Court, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs.

## XVIII.   STAY OF ACTIONS

**IT IS FURTHER ORDERED** that:

A.    Except by leave of this Court, during pendency of the Receivership ordered herein, Defendants and all other persons and entities be and hereby are stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, in, or in the name of, the Receivership Defendant, any of its subsidiaries, affiliates, partnerships, assets, documents, or the Receiver or the Receiver's duly authorized agents acting in their capacities as such, including, but not limited to, the following actions:

1.    Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding, except that such actions may be filed to toll any applicable statute of limitations;

2.    Accelerating the due date of any obligation or claimed obligation; filing or enforcing any lien; taking or attempting to take possession, custody, or control of any asset; attempting to foreclose, forfeit, alter, or terminate any interest

33

in any asset, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise;

3.     Executing, issuing, serving, or causing the execution, issuance or service of, any legal process, including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process whether specified in this Order or not, or;

4.     Doing any act or thing whatsoever to interfere with the Receiver taking custody, control, possession, or management of the assets or documents subject to this Receivership, or to harass or interfere with the Receiver in any way, or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendant.

B.     This Section XVIII does not stay:

1.     The commencement or continuation of a criminal action or proceeding;

2.     The commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power, or;

34

3.     The enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or

4.     The issuance to a Receivership Defendant of a notice of tax deficiency.

C.     Except as otherwise provided in this Order, all persons and entities in need of documentation from the Receiver shall in all instances first attempt to secure such information by submitting a formal written request to the Receiver, and, if such request has not been responded to within thirty (30) days of receipt by the Receiver, any such person or entity may thereafter seek an Order of this Court with regard to the relief requested.

## XIX. PRESERVATION OF DOCUMENTS

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, are restrained and enjoined from altering, concealing, destroying, erasing, mutilating, transferring, or

otherwise disposing of, in any manner, directly or indirectly, any Documents that relate to the finances or business practices of Defendants.

## XX.   PROHIBITION ON DISCLOSING CONSUMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, are restrained and enjoined from:

A.     Leasing, renting, selling, or otherwise disclosing the address, bank account number, birth date, credit card number, e-mail address, name, Social Security number, telephone number, or other financial or identifying personal information of any Consumer from whom or about whom Defendants obtained such information in connection with LDR's business, and;

B.     Benefitting from or using the address, bank account number, birth date, credit card number, e-mail address, name, Social Security number, telephone number, or other financial or identifying personal information of any Person from whom or about whom Defendants obtained such information in connection with LDR's business.

36

*Provided, however*, that Defendants may disclose such financial or identifying personal information to a law enforcement agency or as required by any law, regulation, or court order.

## XXI. SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by facsimile transmission, personal or overnight delivery, or U.S. Express Mail, by agents and employees of either Plaintiff or any state or federal law enforcement agency or by private process server, on Defendants or any other persons or entities that may be subject to any provision of this Order.

## XXII.   DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that within three (3) calendar days after service of this Order, Defendants shall provide a copy of this Order to each of their agents, employees, directors, officers, subsidiaries, affiliates, attorneys, independent contractors, representatives, franchisees, and all persons in active concert or participation with Defendants. Within five (5) calendar days following this Order, Defendants shall provide the Plaintiffs with an affidavit identifying the names, titles, addresses, and telephone numbers of the persons that Defendants have served with a copy of this Order in compliance with this provision.

## XXIII.   CORRESPONDENCE WITH PLAINTIFFS

**IT IS FURTHER ORDERED** that, for the purposes of this Order, because mail addressed to the FTC is subject to delay due to heightened security screening, all correspondence and service of pleadings on Plaintiff Federal Trade Commission shall be sent either via electronic transmission or via Federal Express to: Anna M. Burns, Federal Trade Commission, 225 Peachtree Street NE, Atlanta, Georgia, 30303. Email: aburns@ftc.gov; Telephone: (404) 656-1350; Facsimile: (404) 656-1379.

All correspondence and service of pleadings on Plaintiff State of Georgia shall be sent either via electronic transmission or via Federal Express to: Katherine D. Schuessler,  Georgia Department of Law, Consumer Protection Unit, 2 Martin Luther King, Jr. Drive, Suite 356, Atlanta, Georgia 30334. Email: kschuessler@law.ga.gov; Telephone: (404) 656-1761; Facsimile: (404) 651-9018.

## XXIV.   ORDER TO SHOW CAUSE AND PRELIMINARY INJUNCTION HEARING

**IT IS FURTHER ORDERED**, pursuant to Federal Rule of Civil Procedure 65(b), that Defendants shall appear on the _____ day of _____, 2016, at _____ a.m./p.m. at the United States Courthouse, Courtroom _____, Atlanta, Georgia, to show cause, if any there be, why this Court should not enter a

preliminary injunction, pending final ruling on the complaint, against Defendants, enjoining them from further violations of the FTC Act and the FBPA, and imposing such additional relief as may be appropriate.

## XXV. SERVICE OF PLEADINGS, EVIDENCE, WITNESS LISTS

**IT IS FURTHER ORDERED** that:

A.     Defendants shall file any answering affidavits, pleadings, or legal memoranda with the Court and serve the same on counsel for the Plaintiffs and the Receiver no later than five (5) business days prior to the preliminary injunction hearing in this matter. The Plaintiffs may file responsive or supplemental pleadings, materials, affidavits, or memoranda with the Court and serve the same on counsel for Defendants no later than one (1) business day prior to the preliminary injunction hearing in this matter. *Provided that* service shall be performed by personal or overnight delivery, facsimile, or email, and documents shall be delivered so that they shall be received by the other parties no later than 4 p.m. (EST) on the appropriate dates listed in this Subsection;

B.     The question of whether this Court should enter a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining the Defendants during the pendency of this action shall be resolved on the

39

pleadings, declarations, exhibits, and memoranda filed by, and oral argument of, the parties. Live testimony shall be heard only on further order of this Court on motion filed with the Court and served on counsel for the other parties at least five (5) business days prior to the preliminary injunction hearing in this matter. Such motion shall set forth the name, address, and telephone number of each proposed witness, a detailed summary or affidavit disclosing the substance of each proposed witness' expected testimony, and an explanation of why the taking of live testimony would be helpful to this Court. Any papers opposing a timely motion to present live testimony or to present live testimony in response to live testimony to be presented by another party shall be filed with this Court and served on the other parties at least three (3) business days prior to the preliminary injunction hearing in this matter. *Provided that* service shall be performed by personal or overnight delivery or by facsimile or email, and documents shall be delivered so that they shall be received by the other parties no later than 4 p.m. (EST) on the appropriate dates listed in this Sub-section.

## XXVI.    DURATION OF ORDER

**IT IS FURTHER ORDERED** that the Temporary Restraining Order granted herein shall expire on the _____ day of _____,

2016, at ____ o'clock a.m./p.m., unless within such time, the Order, for good cause shown, is extended for an additional period not to exceed ten (10) calendar days, or unless it is further extended pursuant to Federal Rule of Civil Procedure 65.

## XXVII.  JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**IT IS SO ORDERED**, this _____ day of _____,

2016, at _____ o'clock a.m./p.m.

_____
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF GEORGIA

# ATTACHMENT A

## FEDERAL TRADE COMMISSION

### FINANCIAL STATEMENT OF INDIVIDUAL DEFENDANT

**Definitions and Instructions:**

1. Complete all items. Enter "None" or "N/A" ("Not Applicable") in the first field only of any item that does not apply to you. If you cannot fully answer a question, explain why.

2. "Dependents" include your spouse, live-in companion, dependent children, or any other person, whom you or your spouse (or your children's other parent) claimed or could have claimed as a dependent for tax purposes at any time during the past five years.

3. "Assets" and "Liabilities" include ALL assets and liabilities, located within the United States or any foreign country or territory, whether held individually or jointly and whether held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

4. Attach continuation pages as needed. On the financial statement, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number(s) being continued.

5. Type or print legibly.

6. Initial each page in the space provided in the lower right corner.

7. Sign and date the completed financial statement on the last page.

**Penalty for False Information:**

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or devise a material fact; makes any materially false, fictitious or fraudulent statement or representation; or makes or uses any false writing or document knowing the same to contain any materially false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any ( . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration" (18 U.S.C. § 1623).

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) \$250,000 for an individual or \$500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

# BACKGROUND INFORMATION

## Item 1. Information About You

| Full Name | Social Security No. | |
|---|---|---|

| Current Address of Primary Residence | Driver's License No. | State Issued |
|---|---|---|

| | Phone Numbers<br>Home: ( )<br>Fax: ( ) | Date of Birth: / /<br>(mm/dd/yyyy)<br>Place of Birth |
|---|---|---|

| ☐Rent ☐Own    From (Date): / /<br>(mm/dd/yyyy) | E-Mail Address |
|---|---|

Internet Home Page

### Previous Addresses for past five years (if required, use additional pages at end of form)

| Address | From: / /  (mm/dd/yyyy)    Until: / /  (mm/dd/yyyy)<br>☐Rent ☐Own |
|---|---|
| Address | From: / /    Until: / /<br>☐Rent ☐Own |
| Address | From: / /    Until: / /<br>☐Rent ☐Own |

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they were used:

## Item 2. Information About Your Spouse or Live-In Companion

| Spouse/Companion's Name | Social Security No. | Date of Birth<br>/ /<br>(mm/dd/yyyy) |
|---|---|---|

| Address (if different from yours) | Phone Number<br>( ) | Place of Birth |
|---|---|---|

| | ☐Rent ☐Own | From (Date): / /<br>(mm/dd/yyyy) |
|---|---|---|

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they were used:

| Employer's Name and Address | Job Title |
|---|---|
| | Years in Present Job | Annual Gross Salary/Wages<br>$ |

## Item 3. Information About Your Previous Spouse

| Name and Address | Social Security No. |
|---|---|
| | Date of Birth<br>/ /<br>(mm/dd/yyyy) |

## Item 4. Contact Information (name and address of closest living relative other than your spouse)

| Name and Address | Phone Number<br>( ) |
|---|---|

Initials: _____

## Item 5. Information About Dependents (whether or not they reside with you)

| Name and Address | Social Security No. | Date of Birth / / (mm/dd/yyyy) |
|---|---|---|
| | Relationship | |
| Name and Address | Social Security No. | Date of Birth / / (mm/dd/yyyy) |
| | Relationship | |
| Name and Address | Social Security No. | Date of Birth / / (mm/dd/yyyy) |
| | Relationship | |
| Name and Address | Social Security No. | Date of Birth / / (mm/dd/yyyy) |
| | Relationship | |

## Item 6. Employment Information/Employment Income

Provide the following information for this year-to-date and for each of the previous five full years, for each business entity of which you were a director, officer, member, partner, employee (including self-employment), agent, owner, shareholder, contractor, participant or consultant at any time during that period. "Income" includes, but is not limited to, any salary, commissions, distributions, draws, consulting fees, loans, loan payments, dividends, royalties, and benefits for which you did not pay (e.g., health insurance premiums, automobile lease or loan payments) received by you or anyone else on your behalf.

| Company Name and Address | Dates Employed | | Income Received: This year to date | |
|---|---|---|---|---|
| | From (Month/Year) / | To (Month/Year) / | Year 20 | Income $ $ |
| Ownership Interest? ☐ Yes ☐ No | | | | |
| Positions Held | From (Month/Year) / | To (Month/Year) / | | $ |
| | / | / | | $ |
| | / | / | | $ |
| Company Name and Address | Dates Employed | | Income Received: This year to date | |
| | From (Month/Year) / | To (Month/Year) / | Year 20 | Income $ $ |
| Ownership Interest? ☐ Yes ☐ No | | | | |
| Positions Held | From (Month/Year) / | To (Month/Year) / | | $ |
| | / | / | | $ |
| | / | / | | $ |
| Company Name and Address | Dates Employed | | Income Received: This year to date | |
| | From (Month/Year) / | To (Month/Year) / | Year 20 | Income $ $ |
| Ownership Interest? ☐ Yes ☐ No | | | | |
| Positions Held | From (Month/Year) / | To (Month/Year) / | | $ |
| | / | / | | $ |
| | / | / | | $ |

Initials: _____

## Item 7. Pending Lawsuits Filed By or Against You or Your Spouse

List all pending lawsuits that have been filed by or against you or your spouse in any court or before an administrative agency in the United States or in any foreign country or territory. *Note: At Item 12, list lawsuits that resulted in final judgments or settlements in your favor. At Item 21, list lawsuits that resulted in final judgments or settlements against you.*

| Caption of Proceeding | Court or Agency and Location | Case No. | Nature of Proceeding | Relief Requested | Status or Disposition |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

## Item 8. Safe Deposit Boxes

List all safe deposit boxes, located within the United States or in any foreign country or territory, whether held individually or jointly and whether held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents.

| Name of Owner(s) | Name & Address of Depository Institution | Box No. | Contents |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

Initials: _____

## FINANCIAL INFORMATION

**REMINDER:** When an item asks for information regarding your "assets" and "liabilities" include <u>ALL</u> assets and liabilities, located within the United States or in any foreign country or territory, or institution, whether held individually or jointly, and whether held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents. In addition, provide all documents requested in Item 24 with your completed Financial Statement.

### ASSETS

### Item 9. Cash, Bank, and Money Market Accounts

List cash on hand (as opposed to cash in bank accounts or other financial accounts) and all bank accounts, money market accounts, or other financial accounts, including but not limited to checking accounts, savings accounts, and certificates of deposit. The term "cash on hand" includes but is not limited to cash in the form of currency, uncashed checks, and money orders.

| a. Amount of Cash on Hand $ | | Form of Cash on Hand | | |
|---|---|---|---|---|
| b. Name on Account | Name & Address of Financial Institution | | Account No. | Current Balance |
| | | | | $ |
| | | | | $ |
| | | | | $ |
| | | | | $ |
| | | | | $ |

### Item 10. Publicly Traded Securities

List all publicly traded securities, including but not limited to, stocks, stock options, corporate bonds, mutual funds, U.S. government securities (including but not limited to treasury bills and treasury notes), and state and municipal bonds. Also list any U.S. savings bonds.

| Owner of Security | | Issuer | Type of Security | No. of Units Owned |
|---|---|---|---|---|
| Broker House, Address | | Broker Account No. | | |
| | | Current Fair Market Value $ | Loan(s) Against Security $ | |
| Owner of Security | | Issuer | Type of Security | No. of Units Owned |
| Broker House, Address | | Broker Account No. | | |
| | | Current Fair Market Value $ | Loan(s) Against Security $ | |
| Owner of Security | | Issuer | Type of Security | No. of Units Owned |
| Broker House, Address | | Broker Account No. | | |
| | | Current Fair Market Value $ | Loan(s) Against Security $ | |

Initials: _____

## Item 11. Non-Public Business and Financial Interests

List all non-public business and financial interests, including but not limited to any interest in a non-public corporation, subchapter-S corporation, limited liability corporation ("LLC"), general or limited partnership, joint venture, sole proprietorship, international business corporation or personal investment corporation, and oil or mineral lease.

| Entity's Name & Address | Type of Business or Financial Interest (e.g., LLC, partnership) | Owner (e.g., self, spouse) | Ownership % | If Officer, Director, Member or Partner, Exact Title |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

## Item 12. Amounts Owed to You, Your Spouse, or Your Dependents

| Debtor's Name & Address | Date Obligation Incurred (Month/Year) / | Original Amount Owed $ | Nature of Obligation (if the result of a final court judgment or settlement, provide court name and docket number) |
|---|---|---|---|
| | Current Amount Owed $ | Payment Schedule $ | |
| Debtor's Telephone | Debtor's Relationship to You | | |
| Debtor's Name & Address | Date Obligation Incurred (Month/Year) / | Original Amount Owed $ | Nature of Obligation (if the result of a final court judgment or settlement, provide court name and docket number) |
| | Current Amount Owed $ | Payment Schedule $ | |
| Debtor's Telephone | Debtor's Relationship to You | | |

## Item 13.  Life Insurance Policies

List all life insurance policies (including endowment policies) with any cash surrender value.

| Insurance Company's Name, Address, & Telephone No. | Beneficiary | Policy No. | Face Value $ |
|---|---|---|---|
| | Insured | Loans Against Policy $ | Surrender Value $ |
| Insurance Company's Name, Address, & Telephone No. | Beneficiary | Policy No. | Face Value $ |
| | Insured | Loans Against Policy $ | Surrender Value $ |

## Item 14.  Deferred Income Arrangements

List all deferred income arrangements, including but not limited to, deferred annuities, pensions plans, profit-sharing plans, 401(k) plans, IRAs, Keoghs, other retirement accounts, and college savings plans (e.g., 529 Plans).

| Trustee or Administrator's Name, Address & Telephone No. | Name on Account | | Account No. |
|---|---|---|---|
| | Date Established / / (mm/dd/yyyy) | Type of Plan | Surrender Value before Taxes and Penalties $ |
| Trustee or Administrator's Name, Address & Telephone No. | Name on Account | | Account No. |
| | Date Established / / | Type of Plan | Surrender Value before Taxes and Penalties $ |

Initials: _____

## Item 15. Pending Insurance Payments or Inheritances
List any pending insurance payments or inheritances owed to you.

| Type | Amount Expected | Date Expected (mm/dd/yyyy) |
|---|---|---|
| | $ | / / |
| | $ | / / |
| | $ | / / |

## Item 16. Vehicles
List all cars, trucks, motorcycles, boats, airplanes, and other vehicles.

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

## Item 17. Other Personal Property
List all other personal property not listed in Items 9-16 by category, whether held for personal use, investment or any other reason, including but not limited to coins, stamps, artwork, gemstones, jewelry, bullion, other collectibles, copyrights, patents, and other intellectual property.

| Property Category (e.g., artwork, jewelry) | Name of Owner | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|---|
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |

Initials: _____

## Item 18. Real Property
List all real property interests (including any land contract)

| Property's Location | | Type of Property | | Name(s) on Title or Contract and Ownership Percentages | |
|---|---|---|---|---|---|

| Acquisition Date (mm/dd/yyyy) / / | Purchase Price $ | | Current Value $ | Basis of Valuation | |
|---|---|---|---|---|---|

| Lender's Name and Address | | Loan or Account No. | | Current Balance On First Mortgage or Contract $ |
|---|---|---|---|---|
| | | | | Monthly Payment $ |

| Other Mortgage Loan(s) (describe) | Monthly Payment $ | ☐ Rental Unit |
|---|---|---|
| | Current Balance $ | Monthly Rent Received $ |

| Property's Location | | Type of Property | | Name(s) on Title or Contract and Ownership Percentages | |
|---|---|---|---|---|---|

| Acquisition Date (mm/dd/yyyy) / / | Purchase Price $ | | Current Value $ | Basis of Valuation | |
|---|---|---|---|---|---|

| Lender's Name and Address | | Loan or Account No. | | Current Balance On First Mortgage or Contract $ |
|---|---|---|---|---|
| | | | | Monthly Payment $ |

| Other Mortgage Loan(s) (describe) | Monthly Payment $ | ☐ Rental Unit |
|---|---|---|
| | Current Balance $ | Monthly Rent Received $ |

## LIABILITIES

## Item 19. Credit Cards
List each credit card account held by you, your spouse, or your dependents, and any other credit cards that you, your spouse, or your dependents use, whether issued by a United States or foreign financial institution.

| Name of Credit Card (e.g., Visa, MasterCard, Department Store) | Account No. | Name(s) on Account | Current Balance |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

## Item 20. Taxes Payable
List all taxes, such as income taxes or real estate taxes, owed by you, your spouse, or your dependents.

| Type of Tax | Amount Owed | Year Incurred |
|---|---|---|
| | $ | |
| | $ | |
| | $ | |

Initials: _____

## Item 21. Other Amounts Owed by You, Your Spouse, or Your Dependents

List all other amounts, not listed elsewhere in this financial statement, owed by you, your spouse, or your dependents.

| Lender/Creditor's Name, Address, and Telephone No. | | Nature of Debt (if the result of a court judgment or settlement, provide court name and docket number) | | |
|---|---|---|---|---|
| | | Lender/Creditor's Relationship to You | | |
| Date Liability Was Incurred<br>/   /<br>(mm/dd/yyyy) | Original Amount Owed<br>$ | Current Amount Owed<br>$ | | Payment Schedule |
| Lender/Creditor's Name, Address, and Telephone No. | | Nature of Debt (if the result of a court judgment or settlement, provide court name and docket number) | | |
| | | Lender/Creditor's Relationship to You | | |
| Date Liability Was Incurred<br>/   /<br>(mm/dd/yyyy) | Original Amount Owed<br>$ | Current Amount Owed<br>$ | | Payment Schedule |

## OTHER FINANCIAL INFORMATION

## Item 22. Trusts and Escrows

List all funds and other assets that are being held in trust or escrow by any person or entity for you, your spouse, or your dependents.  Include any legal retainers being held on your behalf by legal counsel.  Also list all funds or other assets that are being held in trust or escrow by you, your spouse, or your dependents, for any person or entity.

| Trustee or Escrow Agent's Name & Address | Date Established (mm/dd/yyyy) | Grantor | Beneficiaries | Present Market Value of Assets* |
|---|---|---|---|---|
| | /   / | | | $ |
| | /   / | | | $ |
| | /   / | | | $ |

*If the market value of any asset is unknown, describe the asset and state its cost, if you know it.

## Item 23. Transfers of Assets

List each person or entity to whom you have transferred, in the aggregate, more than $5,000 in funds or other assets during the previous five years by loan, gift, sale, or other transfer (exclude ordinary and necessary living and business expenses paid to unrelated third parties).  For each such person or entity, state the total amount transferred during that period.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value* | Transfer Date (mm/dd/yyyy) | Type of Transfer (e.g., Loan, Gift) |
|---|---|---|---|---|
| | | $ | /   / | |
| | | $ | /   / | |
| | | $ | /   / | |

*If the market value of any asset is unknown, describe the asset and state its cost, if you know it.

Initials: _____

## Item 24. Document Requests
Provide copies of the following documents with your completed Financial Statement.

| | |
|---|---|
| | Federal tax returns filed during the last three years by or on behalf of you, your spouse, or your dependents. |
| | All applications for bank loans or other extensions of credit (other than credit cards) that you, your spouse, or your dependents have submitted within the last two years, including by obtaining copies from lenders if necessary. |
| Item 9 | For each bank account listed in Item 9, all account statements for the past 3 years. |
| Item 11 | For each business entity listed in Item 11, provide (including by causing to be generated from accounting records) the most recent balance sheet, tax return, annual income statement, the most recent year-to-date income statement, and all general ledger files from account records. |
| Item 17 | All appraisals that have been prepared for any property listed in Item 17, including appraisals done for insurance purposes. You may exclude any category of property where the total appraised value of all property in that category is less than $2,000. |
| Item 18 | All appraisals that have been prepared for real property listed in Item 18. |
| Item 21 | Documentation for all debts listed in Item 21. |
| Item 24 | All executed documents for any trust or escrow listed in Item 22. Also provide any appraisals, including insurance appraisals that have been done for any assets held by any such trust or in any such escrow. |

## SUMMARY FINANCIAL SCHEDULES

### Item 25. Combined Balance Sheet for You, Your Spouse, and Your Dependents

| Assets | | Liabilities | |
|---|---|---|---|
| Cash on Hand (Item 9) | $ | Loans Against Publicly Traded Securities (Item 10) | $ |
| Funds Held in Financial Institutions (Item 9) | $ | Vehicles - Liens (Item 16) | $ |
| U.S. Government Securities (Item 10) | $ | Real Property – Encumbrances (Item 18) | $ |
| Publicly Traded Securities (Item 10) | $ | Credit Cards (Item 19) | $ |
| Non-Public Business and Financial Interests (Item 11) | $ | Taxes Payable (Item 20) | $ |
| Amounts Owed to You (Item 12) | $ | Amounts Owed by You (Item 21) | $ |
| Life Insurance Policies (Item 13) | $ | Other Liabilities (Itemize) | |
| Deferred Income Arrangements (Item 14) | $ | | $ |
| Vehicles (Item 16) | $ | | $ |
| Other Personal Property (Item 17) | $ | | $ |
| Real Property (Item 18) | $ | | $ |
| Other Assets (Itemize) | | | $ |
| | $ | | $ |
| | $ | | $ |
| | $ | | $ |
| Total Assets | $ | Total Liabilities | $ |

### Item 26. Combined Current Monthly Income and Expenses for You, Your Spouse, and Your Dependents
Provide the current monthly income and expenses for you, your spouse, and your dependents. Do not include credit card payments separately; rather, include credit card expenditures in the appropriate categories.

| Income (State source of each item) | | Expenses | |
|---|---|---|---|
| Salary - After Taxes Source: | $ | Mortgage or Rental Payments for Residence(s) | $ |
| Fees, Commissions, and Royalties Source: | $ | Property Taxes for Residence(s) | $ |
| Interest Source: | $ | Rental Property Expenses, Including Mortgage Payments, Taxes, and Insurance | $ |
| Dividends and Capital Gains Source: | $ | Car or Other Vehicle Lease or Loan Payments | $ |
| Gross Rental Income Source: | $ | Food Expenses | $ |
| Profits from Sole Proprietorships Source: | $ | Clothing Expenses | $ |
| Distributions from Partnerships, S-Corporations, and LLCs Source: | $ | Utilities | $ |

Initials: _____

| Item 27.  Combined Current Monthly Income and Expenses for You, Your Spouse, and Your Dependents (cont.) | | | | |
|---|---|---|---|---|
| Distributions from Trusts and Estates<br>Source: | $ | Medical Expenses, Including Insurance | | $ |
| Distributions from Deferred Income Arrangements<br>Source: | $ | Other Insurance Premiums | | $ |
| Social Security Payments | $ | Other Transportation Expenses | | $ |
| Alimony/Child Support Received | $ | **Other Expenses (Itemize)** | | |
| Gambling Income | $ | | | $ |
| **Other Income (Itemize)** | | | | $ |
| | $ | | | $ |
| | $ | | | $ |
| | $ | | | $ |
| **Total Income** | $ | **Total Expenses** | | $ |

## ATTACHMENTS

### Item 28.  Documents Attached to this Financial Statement
List all documents that are being submitted with this financial statement.

| Item No. Document Relates To | Description of Document |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |

I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court.  I have used my best efforts to obtain the information requested in this statement.  The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge.  I have provided all requested documents in my custody, possession, or control.  I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines).  I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____          _____
(Date)                                    Signature

# ATTACHMENT B

## FEDERAL TRADE COMMISSION

### FINANCIAL STATEMENT OF CORPORATE DEFENDANT

#### Instructions:

1. Complete all items. Enter "None" or "N/A" ("Not Applicable") where appropriate. If you cannot fully answer a question, explain why.

2. The font size within each field will adjust automatically as you type to accommodate longer responses.

3. In completing this financial statement, "the corporation" refers not only to this corporation but also to each of its predecessors that are not named defendants in this action.

4. When an Item asks for information about assets or liabilities "held by the corporation," include ALL such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.

5. Attach continuation pages as needed. On the financial statement, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number being continued.

6. Type or print legibly.

7. An officer of the corporation must sign and date the completed financial statement on the last page and initial each page in the space provided in the lower right corner.

#### Penalty for False Information:

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any (. . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration." (18 U.S.C. § 1623)

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

## BACKGROUND INFORMATION

### Item 1. General Information

Corporation's Full Name _____

Primary Business Address _____ From (Date) _____

Telephone No. _____ Fax No. _____

E-Mail Address _____ Internet Home Page _____

All other current addresses & previous addresses for past five years, including post office boxes and mail drops:

Address _____ From/Until _____

Address _____ From/Until _____

Address _____ From/Until _____

All predecessor companies for past five years:

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

### Item 2. Legal Information

Federal Taxpayer ID No. _____ State & Date of Incorporation _____

State Tax ID No. _____ State _____ Profit or Not For Profit _____

Corporation's Present Status: Active _____ Inactive _____ Dissolved _____

If Dissolved: Date dissolved _____ By Whom _____

Reasons _____

Fiscal Year-End (Mo./Day) _____ Corporation's Business Activities _____

### Item 3. Registered Agent

Name of Registered Agent _____

Address _____ Telephone No. _____

Page 2                                                        Initials _____

**Item 4.**     **Principal Stockholders**

List all persons and entities that own at least 5% of the corporation's stock.

| Name & Address | % Owned |
|---|---|
| | |
| | |
| | |
| | |

**Item 5.**     **Board Members**

List all members of the corporation's Board of Directors.

| Name & Address | % Owned | Term (From/Until) |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

**Item 6.**     **Officers**

List all of the corporation's officers, including *de facto* officers (individuals with significant management responsibility whose titles do not reflect the nature of their positions).

| Name & Address | % Owned |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |

Page 3                                              Initials _____

## Item 7.    Businesses Related to the Corporation

List all corporations, partnerships, and other business entities in which this corporation has an ownership interest.

| Name & Address | Business Activities | % Owned |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

State which of these businesses, if any, has ever transacted business with the corporation _____

## Item 8.    Businesses Related to Individuals

List all corporations, partnerships, and other business entities in which the corporation's principal stockholders, board members, or officers (i.e., the individuals listed in Items 4 - 6 above) have an ownership interest.

| Individual's Name | Business Name & Address | Business Activities | % Owned |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

State which of these businesses, if any, have ever transacted business with the corporation _____

## Item 9.    Related Individuals

List all related individuals with whom the corporation has had any business transactions during the three previous fiscal years and current fiscal year-to-date. A "related individual" is a spouse, sibling, parent, or child of the principal stockholders, board members, and officers (i.e., the individuals listed in Items 4 - 6 above).

| Name and Address | Relationship | Business Activities |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

Page 4

Initials _____

**Item 10.** **Outside Accountants**

List all outside accountants retained by the corporation during the last three years.

| Name | Firm Name | Address | CPA/PA? |
|------|-----------|---------|---------|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**Item 11.** **Corporation's Recordkeeping**

List all individuals within the corporation with responsibility for keeping the corporation's financial books and records for the last three years.

| Name, Address, & Telephone Number | Position(s) Held |
|-----------------------------------|------------------|
| | |
| | |
| | |
| | |

**Item 12.** **Attorneys**

List all attorneys retained by the corporation during the last three years.

| Name | Firm Name | Address |
|------|-----------|---------|
| | | |
| | | |
| | | |
| | | |
| | | |

Initials_____

## Item 13.    Pending Lawsuits Filed by the Corporation

List all pending lawsuits that have been filed by the corporation in court or before an administrative agency.  (List lawsuits that resulted in final judgments or settlements in favor of the corporation in Item 25).

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Page 6                                        Initials _____

**Item 14.**    **Current Lawsuits Filed Against the Corporation**

List all pending lawsuits that have been filed against the corporation in court or before an administrative agency. (List lawsuits that resulted in final judgments, settlements, or orders in Items 26 - 27).

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Initials _____

## Item 15.    **Bankruptcy Information**

List all state insolvency and federal bankruptcy proceedings involving the corporation.

Commencement Date _____ Termination Date _____ Docket No. _____

If State Court: Court & County _____ If Federal Court: District _____

Disposition _____

## Item 16.    **Safe Deposit Boxes**

List all safe deposit boxes, located within the United States or elsewhere, held by the corporation, or held by others for the benefit of the corporation. *On a separate page, describe the contents of each box.*

| Owner's Name | Name & Address of Depository Institution | Box No. |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

## FINANCIAL INFORMATION

**REMINDER: When an Item asks for information about assets or liabilities "held by the corporation," include ALL such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.**

## Item 17.    **Tax Returns**

List all federal and state corporate tax returns filed for the last three complete fiscal years. *Attach copies of all returns.*

| Federal/State/Both | Tax Year | Tax Due Federal | Tax Paid Federal | Tax Due State | Tax Paid State | Preparer's Name |
|---|---|---|---|---|---|---|
| _____ | _____ | $_____ | $_____ | $_____ | $_____ | _____ |
| _____ | _____ | $_____ | $_____ | $_____ | $_____ | _____ |
| _____ | _____ | $_____ | $_____ | $_____ | $_____ | _____ |

Page 8                                                                                         Initials _____

**Item 18.**       **Financial Statements**

List all financial statements that were prepared for the corporation's last three complete fiscal years and for the current fiscal year-to-date. *Attach copies of all statements, providing audited statements if available.*

| Year | Balance Sheet | Profit & Loss Statement | Cash Flow Statement | Changes in Owner's Equity | Audited? |
|------|---------------|-------------------------|---------------------|----------------------------|----------|
|      |               |                         |                     |                            |          |
|      |               |                         |                     |                            |          |
|      |               |                         |                     |                            |          |
|      |               |                         |                     |                            |          |

**Item 19.**       **Financial Summary**

For each of the last three complete fiscal years and for the current fiscal year-to-date for which the corporation has not provided a profit and loss statement in accordance with Item 18 above, provide the following summary financial information.

|                         | Current Year-to-Date | 1 Year Ago | 2 Years Ago | 3 Years Ago |
|-------------------------|----------------------|------------|-------------|-------------|
| Gross Revenue           | $                    | $          | $           | $           |
| Expenses                | $                    | $          | $           | $           |
| Net Profit After Taxes  | $                    | $          | $           | $           |
| Payables                | $                    |            |             |             |
| Receivables             | $                    |            |             |             |

**Item 20.**       **Cash, Bank, and Money Market Accounts**

List cash and all bank and money market accounts, including but not limited to, checking accounts, savings accounts, and certificates of deposit, held by the corporation. The term "cash" includes currency and uncashed checks.

Cash on Hand $_____ Cash Held for the Corporation's Benefit $_____

| Name & Address of Financial Institution | Signator(s) on Account | Account No. | Current Balance |
|------------------------------------------|------------------------|-------------|-----------------|
|                                          |                        |             | $               |
|                                          |                        |             | $               |
|                                          |                        |             | $               |
|                                          |                        |             | $               |

Initials _____

**Item 21.**     **Government Obligations and Publicly Traded Securities**

List all U.S. Government obligations, including but not limited to, savings bonds, treasury bills, or treasury notes, held by the corporation. Also list all publicly traded securities, including but not limited to, stocks, stock options, registered and bearer bonds, state and municipal bonds, and mutual funds, held by the corporation.

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $ _____ Maturity Date _____

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $ _____ Maturity Date _____

**Item 22.**     **Real Estate**

List all real estate, including leaseholds in excess of five years, held by the corporation.

Type of Property _____ Property's Location _____

Name(s) on Title and Ownership Percentages _____

Current Value $ _____ Loan or Account No. _____

Lender's Name and Address _____

Current Balance On First Mortgage $ _____ Monthly Payment $ _____

Other Loan(s) (describe) _____ Current Balance $ _____

Monthly Payment $ _____ Rental Unit? _____ Monthly Rent Received $ _____

Type of Property _____ Property's Location _____

Name(s) on Title and Ownership Percentages _____

Current Value $ _____ Loan or Account No. _____

Lender's Name and Address _____

Current Balance On First Mortgage $ _____ Monthly Payment $ _____

Other Loan(s) (describe) _____ Current Balance $ _____

Monthly Payment $ _____ Rental Unit? _____ Monthly Rent Received $ _____

　　　　Initials _____

**Item 23.**     **Other Assets**

List all other property, by category, with an estimated value of $2,500 or more, held by the corporation, including but not limited to, inventory, machinery, equipment, furniture, vehicles, customer lists, computer software, patents, and other intellectual property.

| Property Category | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**Item 24.**     **Trusts and Escrows**

List all persons and other entities holding funds or other assets that are in escrow or in trust for the corporation.

| Trustee or Escrow Agent's Name & Address | Description and Location of Assets | Present Market Value of Assets |
|---|---|---|
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |

Page 11                                                                 Initials _____

**Item 25.**     **Monetary Judgments and Settlements Owed To the Corporation**

List all monetary judgments and settlements, recorded and unrecorded, owed to the corporation.

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____


**Item 26.**     **Monetary Judgments and Settlements Owed By the Corporation**

List all monetary judgments and settlements, recorded and unrecorded, owed by the corporation.

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Initials _____

**Item 27.**     **Government Orders and Settlements**

List all existing orders and settlements between the corporation and any federal or state government entities.

Name of Agency _____ Contact Person _____

Address _____ Telephone No. _____

Agreement Date _____ Nature of Agreement _____

**Item 28.**     **Credit Cards**

List all of the corporation's credit cards and store charge accounts and the individuals authorized to use them.

| Name of Credit Card or Store | Names of Authorized Users and Positions Held |
| --- | --- |
| | |
| | |
| | |
| | |
| | |

**Item 29.**     **Compensation of Employees**

List all compensation and other benefits received from the corporation by the five most highly compensated employees, independent contractors, and consultants (other than those individuals listed in Items 5 and 6 above), for the two previous fiscal years and current fiscal year-to-date. "Compensation" includes, but is not limited to, salaries, commissions, consulting fees, bonuses, dividends, distributions, royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Compensation or Type of Benefits |
| --- | --- | --- | --- | --- |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |

Page 13                                                                                                                    Initials _____

**Item 30.** **Compensation of Board Members and Officers**

List all compensation and other benefits received from the corporation by each person listed in Items 5 and 6, for the current fiscal year-to-date and the two previous fiscal years. "Compensation" includes, but is not limited to, salaries, commissions, consulting fees, dividends, distributions, royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Compensation or Type of Benefits |
|---|---|---|---|---|
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |

**Item 31.** **Transfers of Assets Including Cash and Property**

List all transfers of assets over $2,500 made by the corporation, other than in the ordinary course of business, during the previous three years, by loan, gift, sale, or other transfer.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value | Transfer Date | Type of Transfer (e.g., Loan, Gift) |
|---|---|---|---|---|
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |

Page 14

Initials _____

**Item 32.**     **Documents Attached to the Financial Statement**

List all documents that are being submitted with the financial statement.

Item No. Document    Description of Document
Relates To

_____   _____

_____   _____

_____   _____

_____   _____

_____   _____

_____   _____

_____   _____

_____   _____


I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court. I have used my best efforts to obtain the information requested in this statement. The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge. I have provided all requested documents in my custody, possession, or control. I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines). I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____        _____

(Date)                                  Signature


                                        _____

                                        Corporate Position


Page 15                                                                   Initials _____

# ATTACHMENT C

## CONSENT TO RELEASE FINANCIAL RECORDS

I,_____, of_____,

_____ (City, State), do hereby direct any bank,

saving and loan association, credit union, depository institution, finance company, commercial

lending company, credit card processor, credit card processing entity, automated clearing house,

network transaction processor, bank debit processing entity, brokerage house, escrow agent,

money market or mutual fund, title company, commodity trading company, trustee, or person

that holds, controls, or maintains custody of assets, wherever located, that are owned or

controlled by me or at which there is an account of any kind upon which I am authorized to

draw, and its officers, employees, and agents to disclose all information and deliver copies of all

documents of very nature in its possession or control which relate to the said accounts to any

attorney of the Federal Trade Commission and the State of Georgia Office of Attorney General,

and to give evidence relevant thereto, in the matter of the *Federal Trade Commission and State

of Georgia v. Laptop & Desktop Repair, LLC*, et al., now pending in the United States District

Court of the Northern District of Georgia, and this shall be irrevocable authority for so doing.

This direction is intended to apply to the laws of countries other than the Unites States of

America which restrict or prohibit disclosure of bank or other financial information without the

consent of the holder of the account, and shall be construed as consent with respect hereto, and

the same shall apply to any of the accounts for which I may be a relevant principal.

Dated:_____        Signature:_____

                                   Printed Name:_____