UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION and STATE OF GEORGIA,<br><br>Plaintiffs,<br><br>v.<br><br>LAPTOP & DESKTOP REPAIR, LLC, a Nevada limited liability company, also d/b/a cashforiphones.com, cashforlaptops.com, ecyclebest.com, smartphonetraders.com, sell-your-cell.com; and VADIM OLEGOVICH KRUCHININ, also a/k/a Vadim Kruchin, David Kruchin, David Vadim Kruchin, Dave Kruch, as the owner and an officer of Defendant Laptop & Desktop Repair, LLC,<br><br>Defendants. | Case No. 1:16-CV-3591-AT |

**ORDER APPROVING FINAL REPORT BY RECEIVER AND MOTION FOR AN ORDER (A) APPROVING ACCOUNTING; (B) AUTHORIZING RESERVE, PAYMENT OF ADMINISTRATIVE EXPENSES AND PROFESSIONAL FEES AND COSTS AND FINAL DISBURSEMENTS; (C) AUTHORIZING THE ABANDONMENT OF REMAINING RECORDS, ASSETS AND 401K PLAN; AND (D) DISCHARGING AND RELEASING THE RECEIVER AND CLOSING RECEIVERSHIP**

This matter came before the Court on the *Final Report by Receiver and Motion for an Order (a) Approving Accounting; (b) Authorizing Reserve,*

*Payment of Administrative Expenses and Professional Fees and Costs, and Final Disbursements; (c) Authorizing the Abandonment of Remaining Records and Assets; and (d) Discharging and Releasing Receiver and Closing Receivership and Memorandum in Support Thereof* (the "**Final Report**" and "**Motion**") filed by Hays Financial Consulting LLC and S. Gregory Hays, the duly authorized and acting Receiver herein (collectively, the "**Receiver**").

Following notice to all creditors of the Receivership Defendant[2] known to the Receiver and parties in interest entitled to notice, no objection was filed in opposition to the Final Report or Motion. After thorough consideration of the Motion, the Final Fee Application, the record, facts and circumstances related to the Receivership, this Court finds that the approval of the Final Report and Motion is in the best interests of the Receivership, the creditors of the Receivership Defendant, and all parties in interest. Accordingly, for good cause shown and without the necessity of further notice or hearing, it is hereby ORDERED and ADJUDGED that:

1. Notice of the Final Report and Motion is deemed appropriate and in accordance with the prior orders of this Court.

2. The Motion of the Receiver is granted in its entirety.

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Final Report and Motion.

3. <u>Approval of Final Report and Accounting</u>. The Final Report of the Receiver is approved, and all actions and activities taken by or on behalf of the Receiver and all payments made or to be made by the Receiver in connection with the administration of the Receivership are hereby approved and confirmed.

4. <u>Destruction of Records</u>. The Receiver is authorized to abandon and destroy the electronic and paper records of the Receivership Defendant and of any other related entities or businesses related to the Receivership in the possession, custody or control of the Receiver if, within 30 days after service of written notice to the FTC, the Receiver has not been served with a written request by the FTC for the records or a subpoena by a law enforcement agency. If during such 30-day period, the Receiver is served with a written request for the records by the FTC or subpoena by a law enforcement agency, the Receiver shall be authorized to turn over the original records to the FTC or a law enforcement agency in response to the request or subpoena.

5. <u>Abandonment of Assets</u>. All assets not distributed or otherwise administered by the Receiver as of the closing of the Receivership are deemed abandoned. Abandoned assets may be destroyed or discarded, without regard to title or value, in the sole and absolute discretion of the Receiver.

6. <u>Abandonment of 401K Plan</u>. The 401K Plan as identified above is deemed abandoned and the Receiver is authorized to take any and all actions and

execute such forms and documents as may be necessary to effectuate such abandonment.

7. <u>Discharge</u>. Neither the Receiver nor any agent, employee, member, officer, independent contractor, attorney or representative of the Receiver shall have any liability to any person or entity for any action taken in good faith in connection with carrying out the administration of this Receivership and the exercise of any powers, duties and responsibilities in connection therewith. Effective upon the completion of the final distribution of funds maintained in the Receivership and filing of the Report of Distributions, the Receiver and any agents, employees, members, officers, independent contractors, attorneys and representatives of the Receiver are fully: (a) discharged of all duties, responsibilities, obligations, and liabilities in connection with the administration of the Receivership and from any other obligation imposed by the Receivership Orders or any other orders of the Court; (b) released from any and all claims and liabilities arising out of and/or pertaining to the Receivership; and (c) relieved of all liabilities, duties and responsibilities pertaining to the Receivership.

8. <u>Administrative Fees and Expenses</u>. All receivership administrative fees and expenses incurred in this Receivership proceeding, including the fees and expenses of the Receiver and those of any professionals of the Receiver

incurred and paid or to be paid in connection with the Receivership, are hereby approved, and all administrative expenses and professionals' fees and expenses incurred from the date of the entry of the Receivership Orders through the closing of the Receivership and the discharge of the Receiver are hereby approved and authorized to be paid from assets of the Receivership.

9. <u>Establishment of Reserve for Closing Tasks</u>. The Receiver is authorized to: a) maintain a reserve from assets of the Receivership in the amount of $25,000 (the "**Reserve**") and to make payments from the Reserve at the sole discretion of the Receiver to pay the Receiver, professionals of the Receiver, or any other parties to wind-down or close the Receivership. Any surplus Reserve remaining after the payment of outstanding fees and expenses shall be turned over to the FTC.

10. <u>Payment of Distributions</u>. The Receiver is authorized to pay the Distributions as defined in the Motion. In connection therewith all payments shall be required to be negotiated within thirty (30) days of the date of issuance (the "**Stale Date Deadline**"), and checks returned without a valid forwarding address or checks uncashed after the Stale Date Deadline are hereby deemed void. The Receiver shall turn over to the FTC the proceeds of any payments that are not negotiated after the Stale Date Deadline and the unclaimed balance of amounts paid for the Unclaimed Caged Inventory.

11. <u>Final Distribution</u>. The Receiver is hereby authorized to make a final distribution of the Receivership assets remaining after the payment of the Distributions by turning over the remaining assets to the FTC.

12. <u>Bond Exoneration</u>. The Receiver's bond shall be exonerated effective upon the completion of the Receiver's payment of administrative expenses and final distribution of funds as provided herein.

13. <u>Outstanding Tax Returns.</u> The Receiver is not responsible and has no liability for any tax returns for or related to the Receivership or the Receivership Defendant.

14. <u>Jurisdiction</u>. This Court shall retain jurisdiction over any and all matters relating to the Receiver and the Receivership, including any matters relating to the distribution of funds received by the Receiver in connection with the obligations of the Receiver or otherwise received after the Receivership is closed. To the extent that any dispute arises concerning the administration of the Receivership or to the extent that any person or entity seeks to pursue or assert any claim or action against the Receiver or any agent, employee, member, officer, independent contractor, attorney or representative of the Receiver, arising out of or related to this Receivership, the Court shall retain jurisdiction to hear and resolve any such dispute or claim.

15. <u>Notice of Funds Distribution</u>. After the final distribution of funds as ordered by the Court, the Receiver shall file a Report of Distributions. The Receivership shall be deemed closed and terminated upon the filing of the Report of Distributions without further Order of this Court.

IT IS SO ORDERED, this __13th__ day of __June__, 2018.

*[signature]*
Judge Amy Totenberg
United States District Court
Northern District of Georgia, Atlanta Division

*Receivership and Memorandum in Support Thereof* with the Clerk of the Court using *CM/ECF*. I also certify that the foregoing documents were served on all parties and the persons identified below via transmission of Notice of Electronic Filing generated by *CM/ECF* as set forth below. The foregoing Motion will also be served on other creditors and parties in interest via first class mail and a supplemental certificate of service will be filed with this Court upon completion of that additional service.

Anna Mirshak Burns
Hans Christian Clausen
Federal Trade Commission-ATL
Atlanta Regional Office
Suite 1500
225 Peachtree Street, NE
Atlanta, GA 30303-1729
*Via ECF*

Jacquelyn L. Kneidel, Esq.
Assistant Attorney General
Consumer Protection Unit
2 Martin Luther King, Jr. Drive, S.E.
Suite 870, East Tower
Atlanta, GA 30334-4900
*Via ECF*

This the 24th day of May, 2018.

/s/ *Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Counsel for the Receiver